UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUNNEL LEE RILEY AND
IVONNE SUHAY-RILEY,

                                    Case No. CIV-06-1152 MCA
WDS

        Plaintiffs,

v.

SAXON MORTGAGE SERVICES, INC.,
EQUIFAX INFORMATION SERVICES, LLC; and
TRANS UNION LLC,

        Defendants.

## DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

COMES NOW Defendant, Saxon Mortgage Services, Inc., by and through its attorneys, Little & Dranttel, P.C. (Peggy A. Whitmore), and files its Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted pursuant to F.R.C.P. 12(b)(6). In support of its motion, Saxon Mortgage Services, Inc. (hereafter "Saxon") states as follows:

1. The Plaintiffs have no cause of action against Saxon under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a), because the duties articulated in those sections are owed to consumer reporting agencies and not to individual consumers. *See 15 U.S.C. §1681s-2(c)*.

2. There is no basis for a lawsuit against a furnisher when a consumer has disputed allegedly inaccurate information directly with a furnisher pursuant to 15 U.S.C. §1681s-2(a)(8) because there is no civil liability for violations of 15 U.S.C. §1681s-2(a). *See* Nagle v. Direct Merchants Credit Card Bank, N.A., 2006 U.S. Dist. LEXIS 29835

(U.S. Dist. E.D. Penn.), Peasley v. Verizon Wireless LLC, 364 F. Supp. 2d 1198, 1201 (S.D. Cal. 2005), Carney v. Experian Information Solutions, Inc. 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999). The U.S. District Court of New Mexico reached the opposite conclusion in DiMezza v. First USA Bank, Inc., 103 F. Supp. 2d 1296 (U.S. Dist. N.M. 2000).

3. A consumer may have a private right of action against a furnisher for violations of 15 U.S.C. §1691s-2(b), but the Plaintiff's Complaint fails to state a cause of action against Saxon pursuant to that section.

4. Even if the duties articulated in the Fair Credit Reporting Act are owed to consumers, those duties are triggered only upon receipt of a notice of claim by the furnisher of information from the consumer reporting agency. *See 15 U.S.C. §1681s-2(b). See also* Nagle v. Direct Merchants Credit Card Bank, N.A., 2006 U.S. Dist. LEXIS 29835 (U.S. Dist. Penn.), Carney v. Experian Information Solutions, Inc. 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999), Whisenant v. First National Bank & Trust Co., 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003), Young v. Equifax Credit Information Services, Inc., 294 F. 3d 631, 640 (5th Cir. 2002), Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 783-4 (W.D. Ky. 2003).

5. There is no evidence in this case that the consumer reporting agencies named as defendants in this suit notified Saxon of the dispute, thereby triggering Saxon's obligation to investigate.

6. For the foregoing reasons, the Plaintiffs have failed to state a cause of action upon which relief may be granted against Saxon under the Fair Credit Reporting Act.

WHEREFORE, the Plaintiff prays the Court to dismiss the Complaint for Damages, Declaratory and Injunctive Relief and Demand for Jury Trial as it pertains to Saxon, and for such other relief as the Court may deem just and proper.

LITTLE & DRANTTEL, P.C.

By *Peggy Whitmore*
PEGGY WHITMORE
Attorneys for Defendant Saxon
7430 Washington Street, NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Facsimile: (505) 833-3040
E-Mail: contested@littledranttel.com

I hereby certify a copy of the foregoing pleading was sent via facsimile to:

FEFERMAN & WARREN
Rob Treinen
Attorneys for Plaintiffs
300 Central Avenue S.W. Suite 2000 East
Albuquerque, NM 87102
Facsimile (505) 243-6663

on this 21st day of December, 2006.

SHAYLYNN MCKINNEY, Paralegal

5007-082-A 229072.doc pw

- 3 -