# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RUNNEL LEE RILEY** and
**IVONNE SUHAY-RILEY**,

      Plaintiffs,

    vs.　　　　　　　　　　　　　　　　　　No.　**CIV 06-1152 MCA/WDS**

**SAXON MORTGAGE SERVICES, INC.**,
**EQUIFAX INFORMATION SERVICES LLC**,
and **TRANS UNION LLC**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Defendant Saxon Mortgage Services, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [Doc. 8] filed on December 21, 2006; (2) *Defendant Trans Union LLC's Partial Motion to Dismiss* incorporated within its *Original Answer to Plaintiffs' Complaint for Damages, Declaratory and Injunctive Relief and Demand for Jury Trial* [Doc. 11] filed on December 21, 2006, and (3) *Plaintiffs' Motion for Leave to File Amended Complaint* [Doc. 17] filed on January 10, 2007. Having considered the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court denies the motions to dismiss and grants Plaintiffs' motion to amend for the reasons set forth below.

**I.     BACKGROUND**

Plaintiffs Runnel Lee Riley and Ivonne Suhay-Riley filed this action on November 27, 2006, seeking damages, as well as declaratory and injunctive relief, against Defendants Saxon Mortgage Services, Inc., Equifax Information Services LLC, and Trans Union LLC for allegedly furnishing and/or reporting inaccurate and derogatory credit information in violation of the Fair Credit Reporting Act (FCRA).  [Doc. 1.]  On December 21, 2006, Defendant Saxon Mortgage Services moved to dismiss Plaintiff's claims against it based on the proposition that certain provisions of the FCRA do not provide Plaintiffs with a cause of action against a furnisher of credit information, as opposed to a credit reporting agency.  [Doc. 8.]  Defendant Saxon and Plaintiff both point out, however, that there is contrary authority suggesting that other provisions of the FCRA may provide Plaintiffs with a cause of action against a furnisher of credit information so long as that furnisher received notice of Plaintiff's claim.  [Doc. 8, 18, 20.]

Also on December 21, 2006, Defendant Trans Union filed its *Answer* to Plaintiffs' *Complaint* and included a partial motion to dismiss with that pleading.  [Doc. 11.]  The grounds for partial dismissal asserted by Defendant Trans Union are that the FCRA's remedial scheme does not include the provision of injunctive relief to private litigants such as Plaintiffs.

On January 10, 2007, Plaintiffs sought an opportunity to clarify the nature of their claims and cure the alleged defects identified in the Defendants' motions to dismiss by filing

a motion for leave to file an *Amended Complaint* (a copy of which is attached to their motion papers). [Doc. 17.]  In support of their motion, Plaintiffs contend that their *Amended Complaint* contains more specific language invoking the FCRA provisions which allow them to assert a cause of action against a furnisher of credit information such as Defendant Saxon.  Plaintiffs further contend that their *Amended Complaint* adds new causes of action under state law which may provide for injunctive relief even if such relief is unavailable under the FCRA.  [Doc. 18.]

**II.     ANALYSIS**

A complaint may be amended "once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  Thereafter, such an amendment requires leave of the Court or written consent of the adverse party.  Such "leave shall be freely given when justice so requires."  Id.  It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal."  Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).  Dismissal of a complaint under

Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

Consideration of matters outside the pleadings may, in some instances, require a motion to dismiss to be reviewed under the standard applicable to a motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Applying these standards, the Court determines that the motions to dismiss presently before the Court are premature in light of the proposed amendments to Plaintiffs' *Complaint*. When viewed in the light most favorable to Plaintiffs, I cannot conclude that the issues raised in the Defendants' motions to dismiss would render these proposed amendments futile. Rather, these issues are best resolved at a later stage of this litigation, after Plaintiffs

4

have been granted leave to file their *Amended Complaint* and the Defendants have had the opportunity to amend their answers and file dispositive motions addressing the amendments to Plaintiff's pleading.

In particular, I cannot conclude that it would it would be futile for Plaintiffs to attempt to assert a cause of action under the FCRA against Defendant Saxon in light of DiMezza v. First USA Bank, Inc., 103 F. Supp. 2d 1296 (D.N.M. 2000), and its progeny. To the extent that Plaintiff's pleading requires additional allegations in order to specify each element of such a cause of action in greater detail, the proper remedy is to allow Plaintiffs to amend their *Complaint*, rather than to dismiss their FCRA claim against Defendant Saxon under Fed. R. Civ. P. 12(b)(6). See DiMezza, 103 F. Supp. 2d at 1301.

Although the question whether Plaintiffs may obtain injunctive relief under the FCRA or New Mexico statutes presents a closer question, the Court cannot conclude at this juncture that it would be futile for Plaintiffs to seek such relief under at least one of these statutes. Cf. Apodaca v. Discover Fin. Servs., 417 F. Supp. 2d 1220, 1235 (D.N.M. 2006) (concluding that the FCRA does not preempt state statutes except where they operate merely as "codification[s] of the common-law torts of defamation, invasion of privacy, or negligence"). Further, the issue of injunctive relief only concerns the remedies to which Plaintiffs might be entitled if they first established a violation of the FCRA or the relevant New Mexico statutes, and such violations ordinarily would have to be established by a jury's findings before the Court could rule on the availability of equitable relief. See Colo.

5

Visionary Acad. v. Medtronics, Inc., 397 F.3d 867, 875 (10th Cir. 2005) (noting that legal claims generally must be tried to a jury before the court decides equitable claims, and the latter decision is bound by the jury's earlier findings on common questions of fact). Accordingly, the parties are not prejudiced by deferring a ruling on the availability of injunctive relief until after Plaintiffs have amended their *Complaint.*

## III.   CONCLUSION

For the foregoing reasons, the Court will not dismiss Plaintiffs' *Complaint* with prejudice as to any claim or Defendant at this time, and Plaintiffs are granted leave to amend their *Complaint* in the manner specified in their motion.

**IT IS, THEREFORE, ORDERED** that *Defendant Saxon Mortgage Services, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that *Defendant Trans Union LLC's Partial Motion to Dismiss* incorporated in its *Answer* [Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion for Leave to File Amended Complaint* [Doc. 17] is **GRANTED**, and Plaintiffs must file and serve their *Amended Complaint* by no later than May 1, 2007.

**SO ORDERED,** this 20th day of April, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge